**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KIMBERLY WESTBROOK IRVIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-350-JJB-RLB** |
| **DEON CRUM, ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

Signed in Baton Rouge, Louisiana, on December 29, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KIMBERLY WESTBROOK IRVIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-350-JJB-RLB** |
| **DEON CRUM, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned on the district judge's order (R. Doc. 26) referring this matter for a report and recommendation on removal jurisdiction and/or such other action as may be appropriate in light of the allegations of fraudulent joinder made in the Notice of Removal. The parties have filed briefs addressing whether the court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), including whether there is complete diversity and whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. (R. Docs. 37, 39).

Having considered the pleadings, the arguments of the parties, and the relevant law, the court recommends that the instant matter be **REMANDED** to the 21st Judicial District Court, Livingston Parish, Louisiana, for lack of subject matter jurisdiction.

## I. Background

On April 9, 2015, Kimberly Westbrook Irvin ("Plaintiff") filed a "Petition for Damages for False Arrest and Malicious Prosecution" against defendants Deon Crum ("Crum") and his alleged employer Federal Express Corporation in the 21st Judicial District Court, Livingston Parish, Louisiana. (R. Doc. 1-2, "Petition").

Plaintiff alleges that on April 10, 2014, Crum was driving an "unmarked Federal Express vehicle" in the scope of his employment for Federal Express, when he entered into Plaintiff's property and began throwing objects at her barking dogs. (Petition, ¶¶ 2, 3, 12). Plaintiff alleges

that she asked Crum to stop, but Crum began "hollering at her and cursing at her." (Petition, ¶ 4). After Plaintiff brandished a BB gun, Crum called the police, and the Livingston Parish Sherriff's Department arrested and jailed Plaintiff for aggravated assault. (Petition, ¶¶ 5, 6, 8, 9, 10). Plaintiff states that she "was required to bond out of jail," but does not allege how long she spent in jail. (Petition, ¶ 10).

Plaintiff alleges that her criminal matter was set for trial on March 5, 2015, but Crum "failed to appear and the charges were dismissed by the prosecution for failure of the victim to appear for the trial." (Petition, ¶ 11). Plaintiff alleges that the defendants are "bound in solido" for damages to her reputation in the community, mental anguish, and lost wages as a result of the arrest; cost appearances; and payment of bond. (Petition, ¶ 13).

On May 29, 2015, FedEx Ground Package System, Inc. ("Federal Express") removed the action on the basis that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1).[1] Federal Express alleges that Crum, who is a citizen of Louisiana like Plaintiff, was "fraudulently joined" to this matter, and his presence as a non-diverse defendant does not destroy complete diversity because Plaintiff's claims against him fail as a matter of law. (R. Doc. 1 at 5-11). Federal Express further alleges that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, based primarily on jury awards in state court claims involving defamation claims. (R. Doc. 1 at 11-13). Federal Express submitted a "Declaration of Deon Crum" (R. Doc. 1-3) and the Livingston Sheriff's Office police report (R. Doc. 1-4) with the Notice of Removal.

Pursuant to the court's order, the parties have filed briefs regarding this court's subject matter jurisdiction. (R. Docs. 37, 39).

---

[1] Plaintiff has not amended his Petition to "FedEx Ground Package System, Inc." as a defendant. For the purposes of this Report and Recommendation, the court uses the term "Federal Express" in reference to both Federal Express Corporation and FedEx Ground Package System, Inc.

## II. Arguments of the Parties

Plaintiff argues that the court should remand the action to state court. First, Plaintiff argues that there is not complete diversity, as Crum, a non-diverse citizen of Louisiana, "is the actionable defendant who created this controversy" and is "a necessary defendant in this tort action." (R. Doc. 37 at 3). Plaintiff asserts that she has a valid claim against Crum and, therefore, he was not improperly joined as a defendant to this action. (R. Doc. 37 at3-4). With regard to the amount in controversy requirement, Plaintiff argues that Federal Express has not met its burden of establishing the jurisdictional amount, as Plaintiff's jail time was short and she does not seek an award for physical damages. (R. Doc. 37 at 4-7).

Federal Express argues that the court should retain jurisdiction over the action. As with the Notice of Removal, the basis for jurisdiction asserted by Federal Express is diversity of citizenship. Federal Express argues that Crum was improperly joined to this action because there is "no possibility of recovery" by Plaintiff against Crum in light of the allegations in the Petition. (R. Doc. 39 at 5-6). Federal Express argues that Plaintiff cannot succeed on her false arrest claim against Crum because the law requires actual detention by the accused party to succeed on such a claim. (R. Doc. 39 at 6-7). Federal Express argues that Plaintiff cannot succeed on her malicious prosecution claim against Crum because Plaintiff cannot show the absence of probable cause as a basis for the criminal charges, the presence of any malice in bringing such charges, or the bona fide termination of the criminal proceedings in her favor. (R. Doc. 39 at 7-9). Federal Express also argues that any defamation claim raised by Plaintiff fails as a matter of law because "no fact-finder could reasonably conclude that a 'false and defamatory' statement" had been made by Crum. (R. Doc. 39 at 10). Finally, Federal Express argues that Plaintiff's claim for emotional distress fails as a matter of law because Crum's conduct falls "far short of the level of conduct" required for a successful

claim of intentional infliction of emotional distress. (R. Doc. 39 at 11). With regard to the amount in controversy requirement, Federal Express relies on various Louisiana state court decisions in which plaintiffs have obtained jury awards exceeding the jurisdictional amount for claims involving defamation, malicious prosecution, emotional distress, and/or damage to reputation. (R. Doc. 39 at 14-15).

## III. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

### A. Improper Joinder

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. As the removing

defendant has not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, the Court will only consider the latter test for improper joinder. In that situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

The Fifth Circuit has provided that the inquiry into the subject-matter of an action removed on the basis of improper joinder must be limited to "discrete and undisputed facts" that will summarily resolve the improper joinder issue:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Smallwood*, 385 F.3d at 573-74. As examples of "discrete and undisputed facts" that could be identified through jurisdictional discovery, the court offered: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n.12. The Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction. . . ." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has similarly provided that "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." *Smallwood*, 385 F.3d at 574. "In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper," because "the allegation of improper joinder is actually an attack on the merits of plaintiff's case" as a whole as to all the defendants. *Id*. "Said differently, if the showing of no possibility of recovery against the local defendant applies equally to all defendants, a remand would be the appropriate disposition because the initial joinder would not have been improper." *McDonal v. Abbott Labs.*, 408 F.3d 177, 184 (5th Cir. 2005). District courts within the Fifth Circuit have granted remand on this basis. *See, e.g.*, *Flory v. Walker*, No. 08-1538, 2009 WL 854015 at *2 (W.D. La. March 24, 2009) (no improper joinder where all defendants sought to have the suit dismissed on the same basis for which they claim a non-diverse defendant was improperly joined); *Dykes v. Transocean Offshore U.S.A., Inc.*, No. 07-1981, 2008 WL346134 at *3 (W.D. La. Feb. 6, 2008) (where allegedly improperly joined defendant's lack of relationship or connection to the plaintiff was a

"trait shared by all defendants—regardless of citizenship," remand was property because the "allegation of improper joinder [was], in reality, an attack on the merits of plaintiff's case as a whole").

Here, Federal Express has not submitted summary judgment type evidence providing examples of "discrete and undisputed facts" that could resolve whether Plaintiff has a possibility of recovery against Crum. Instead, Federal Express has provided the court with information outside of the pleadings that would require the court to engage in a detailed fact intensive consideration of Plaintiff's claims. For example, Federal Express requests the court to conclude that Plaintiff's malicious prosecution claims fails against Crum on the basis that Plaintiff cannot establish (i) the absence of probable cause for the charges, (ii) that the prosecution was made with malice, and (iii) that she received a "bona fide" termination of her criminal proceedings in her favor. (R. Doc. 39 at 7-9). The court will not conduct a pre-trial determination of the merits of Plaintiff's malicious prosecution claim, as that would improperly result in "pretrying a case to determine removal jurisdiction." *See Carriere*, 893 F.2d at 100. Federal Express has not provided any summary judgment type evidence that would allow this court to summarily conclude that Crum was improperly joined as a defendant.[2]

Furthermore, Plaintiff has sued Federal Express solely on the theory that it is vicariously liable for the actions of Crum under the theory of respondeat superior:

> Due to the actions of the defendant, Deon Crum, who was working in the scope of his employment with Federal Express Corporation, the entity known as Federal Express, Inc. is responsible for the acts of its employees and is bound in solido for the damages of the employee, Deon Crum.

---

[2] Crum's declaration verifies that he was correctly identified as the individual named in the Petition. (R. Doc. 1-3). If anything, Crum's declaration raises the question of whether Federal Express was correctly identified as Crum's employer in the Petition. (*See* R. Doc. 1-3 at 1) (identifying Crum's employer as "American One Source" and that Crum had been contracted to work for "Duncan Express, Inc., a contracted service provider of FedEx Ground Package System, Inc.").

(Petition, ¶ 12). Crum is the only individual alleged to have engaged in any wrongful conduct in the Petition. If the court were to accept the asserted grounds for alleged "improper" joinder of Crum, Federal Express would certainly move for the dismissal of claims against it on the basis that it cannot be held vicariously liable where the claims against the underlying tortfeasor are found to be invalid.[3] This is the type of scenario for which the Fifth Circuit has warned that a finding of improper joinder would be an improper attack on the merits of a plaintiff's case as a whole to all defendants. *See Smallwood*, 385 F.3d at 574; *McDonal*, 408 F.3d at 184.

For the foregoing reasons, the court concludes that Crum was not improperly joined to this action, and remand should be granted on the basis that there is no complete diversity.

**B. Amount in Controversy Requirement**

Remand is also appropriate because the amount in controversy requirement has not been satisfied.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. §

[3] Indeed, Federal Express' arguments for improper joinder are almost identical to its arguments in support of its previously filed Motion for Summary Judgment and Motion for Judgment on the Pleadings (R. Doc. 17). The Court, however, does not express an opinion on the merits of either the Plaintiff's claims or Federal Express' defenses.

1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

Defendants argue that the Plaintiff is asking for an amount that "easily exceeds" the jurisdictional threshold of $75,000, because she is claiming damages based on reputation in the community, mental anguish, loss of wages, and cost of bond. (R. Doc. 1 at 12-13). The court disagrees. Other than general allegations of damages to her reputation in the community, mental

anguish, and loss of wages, Plaintiff does not allege any specifics regarding those damages. Plaintiff was arrested at home, and there is no indication that she was arrested in front of any friends or family. There are no allegations indicating the degree to which Plaintiff's arrest became known in her community. Plaintiff does not allege that she spent significant time in jail prior to being bonded out. Finally, contrary to Federal Express' arguments, Plaintiff has not asserted a claim for defamation. With regard to her claim of loss of wages, there is no mention in the Petition of Plaintiff's place or position of employment. While Plaintiff's Memorandum in Opposition to Motion for Summary Judgment asserts that Plaintiff lost a full time job as a caregiver, no salary information or other calculated damages is provided. (R. Doc. 19-1). There is nothing before the court that can be used to quantify any damages associated with such employment.

Based on the foregoing, the court finds that the decisions referenced by Defendants indicating awards exceeding $75,000 are clearly distinguishable. *See Finnie v. LeBlanc*, 875 So. 2d 71 (La. App. 3rd Cir. 2004) (awarding $150,000 in general damages for defamation and malicious prosecution were plaintiff suffered from depression, was unable to work and take care of her children, and suffered from prominent symptoms of psychological harm several times a week, and was unable to function "even in the simplest of jobs."); *Thompson v. Bank One of Louisiana, NA*, 134 So.3d 653 (La. App. 4th Cir. 2014) (awarding $150,000 in general damages for defamation and emotional distress to pastor who suffered "injury to his reputation, personal humiliation, embarrassment, mental anguish, and suffering," including becoming the center of a television news special airing several times over two years); *Granger v. Christus Health Central LA*, 144 So.3d 736 (La. 2013) (awarding $100,000 in general damages for breach of contract and negligent misrepresentation to cardiac surgeon).

The allegations of this case are more analogous, if not even less egregious, to a fourth decision cited by Federal Express in its Notice of Removal and memorandum. *See Brown v. City of Monroe*, 135 So. 3d 792 (La. App. 2nd Cir. 2014) (general damages of $20,000 recovered where plaintiff claimed false arrest, false imprisonment, and malicious prosecution and was arrested at her workplace, spent approximately one hour in jail, and paid the bondsman $1,255 to cover her bond). In summary, the cases cited by Federal Express do not support a finding that the jurisdictional minimum has been satisfied.

Based on the foregoing, the court concludes that Defendants have not met their burden of establishing that the amount in controversy requirement is satisfied.

**IV. Conclusion**

For the foregoing reasons, the court does not have diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**IT IS THE RECOMMENDATION** of the magistrate judge that the instant matter be **REMANDED** to the 21st Judicial District Court, Livingston Parish, Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on December 29, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**